956 F.2d 172
 22 Fed.R.Serv.3d 245
 PULASKI COUNTY REPUBLICAN COMMITTEE; Republican Party of
Arkansas; Nancy Maggard, a voter of Pulaski
County, Arkansas, Appellants,
v.
PULASKI COUNTY BOARD OF ELECTION COMMISSIONERS; George O.
Jernigan, Jr., Election Commissioner,
Individually; Robert Whitfield,
Election Commissioner,
Individually; Appellees.
Pulaski County Democratic Committee; Democratic Party of Arkansas.
 No. 91-1750.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 13, 1991.
Decided Feb. 4, 1992.
 
 Tracy A. Barger, Little Rock, Ark., argued, for appellants.
 William Russell Meeks III, Little Rock, Ark., argued, for appellees.
 Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.
 BOWMAN, Circuit Judge.
 
 
 1
 The Pulaski County Republican Committee, the Republican Party of Arkansas, and Nancy Maggard ("appellants") appeal from the order of the District Court imposing attorney fees and costs against the appellants under 42 U.S.C. § 1988 (1988) and holding the appellants and their counsel jointly and severally liable for attorney fees and costs under Federal Rule of Civil Procedure 11. We reverse.
 
 
 2
 This case arose out of a dispute concerning the administration of the primary elections to be held in Pulaski County, Arkansas in May 1990. The appellants, concerned that the allocation of voting machines for the primary election would hinder the ability of potential Republican primary voters to cast their votes, filed this suit in early May 1990, alleging that the Pulaski County Board of Election Commissioners and two of its Commissioners, George Jernigan and Robert Whitfield ("appellees"), had violated the appellants' rights of free expression and association in contravention of the First and Fourteenth Amendments.[1] The lawsuit, filed pursuant to 42 U.S.C. § 1983 (1988), named the appellees as defendants in both their individual and representative capacities.[2]
 
 
 3
 Following a hearing on the appellants' motion for a preliminary injunction, the District Court dismissed all claims against the appellees in their individual capacities. Shortly thereafter, the District Court dismissed the case with prejudice pursuant to a settlement agreement that covered all remaining claims except for possible claims for fees and costs under section 1988 and Rule 11. On February 15, 1991 the District Court granted the appellees' motion for attorney fees and costs pursuant to section 1988 and Rule 11. The court held that the claims brought against the appellees in their individual capacities "were not well founded either in fact or law." Pulaski County Republican Comm. v. Pulaski County Bd. of Election Comm'rs, No. LR-C-90-302 (E.D.Ark. Feb. 15, 1991) ("Order"), slip op. at 8, reprinted in Appellants' Addendum at 1, 8. This appeal ensued.
 
 
 4
 When determining whether a Rule 11 violation has occurred, a court "must apply an 'objective reasonableness' standard," N.A.A.C.P.--Special Contribution Fund v. Atkins, 908 F.2d 336, 339 (8th Cir.1990) (quoting O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir.1987)), to determine whether the pleading was frivolous, groundless, or advanced for an improper purpose. Likewise, "a defendant in a civil rights case may recover attorney's fees from the plaintiff only if the action was frivolous, unreasonable, or without foundation." O'Brien v. City of Greers Ferry, 873 F.2d 1115, 1120 (8th Cir.1989). The "decision to grant or deny [Rule 11] sanctions [is reviewed] only upon an abuse of discretion," Terry A. Lambert Plumbing v. Western Sec. Bank, 934 F.2d 976, 985 (8th Cir.1991), just as a decision to grant or deny attorney fees to a prevailing defendant[3] in a civil rights suit is reviewed "under a standard of substantial deference." Bass v. Southwestern Bell Tel., 817 F.2d 44, 47 (8th Cir.1987).[4]
 
 
 5
 Although our review of the District Court's decision to impose fees and costs under Rule 11 and section 1988 is a deferential one, we must conclude that the court erred in its award of fees and costs. "A district court would necessarily abuse its discretion if it based its [Rule 11] ruling on an erroneous view of the law." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990).
 
 
 6
 Here, the District Court based its decision on two erroneous views of the law. First, the District Court noted that "[s]ince the basis of the claims against [the appellees] in their individual capacities were their actions in voting as they did as Commissioners, it was clear ... that they committed no separate acts outside their official capacity that could possibly be considered to be in an individual capacity." Order at 7, reprinted in Appellants' Addendum at 1, 7. This statement misconstrues the difference between official and individual liability. "[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right," Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 3015, 87 L.Ed.2d 114 (1985) (emphasis in original), while "in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law," as "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id. Thus, the District Court's distinction between actions taken as an official and those taken as an individual is misplaced in a section 1983 individual capacity action, as "state officers [are not] absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." Hafer v. Melo, --- U.S. ----, 112 S.Ct. 358, 365, 116 L.Ed.2d 301 (1991). Indeed, the "under color of state law" clause of section 1983 requires that the complained-of act be committed while the defendant was acting as an official. The imposition of fees and costs under Rule 11 and section 1988 based on the holding that a section 1983 personal liability claim is groundless because the complained-of actions were committed by a state actor while in his official position is an abuse of discretion and must be reversed.
 
 
 7
 Similarly, the District Court abused its discretion in imposing fees and costs under Rule 11 and section 1988 on the ground that an allegedly identical case previously had been decided in the same district. In April 1990, a month before this lawsuit was filed, Jefferson County Republican Comm. v. Jefferson County Board, PB-C-90-156 (E.D.Ark. April 19, 1990) was decided.[5] Jefferson County, like the present case, concerned the allocation of voting machines for an upcoming primary. Jefferson County was dismissed for failure to state a claim upon which relief can be granted because "[a] reasonable decision [has] been made by what appears to be the correct governmental body." Id., slip op. at 4, reprinted in Appellants' Appendix, vol. I at 54, 57.
 
 
 8
 In ruling against the appellants, the District Court in the instant case noted that
 
 
 9
 the same attorneys filed [this case] on May 8th in spite of the fact that a similar suit had been rejected and dismissed on April 19th. The fact that [the Jefferson County case] did not contain a pendent state claim against election commissioners in their individual capacities does not diminish the importance of the adverse ruling in that case.
 
 
 10
 Order at 5, reprinted in Appellants' Addendum at 1, 5. The characterization of the present suit as groundless because of the earlier Jefferson County case is incorrect. None of the parties in the instant case was a party in the Jefferson County case. Nor was Jefferson County dismissed as frivolous. Further, the issue decided in the Jefferson County case, namely, the reasonableness of the allocation of voting machines in Jefferson County, was not the issue in the present case. The issue in the present case was the propriety of the allocation of voting machines in Pulaski County. The fact that the allocation of voting machines in a different county is reasonable has no bearing on the propriety of the allocation of voting machines in Pulaski County. The District Court thus erred as a matter of law in relying on the decision in Jefferson County as a reason for imposing fees and costs under Rule 11 and section 1988.
 
 
 11
 The order of the District Court imposing attorney fees and costs against the appellants under section 1988 and holding the appellants and their counsel jointly and severally liable for attorney fees and costs under Rule 11 is reversed.
 
 
 
 *
 The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 The lawsuit also alleged pendent state law claims of breach of contract and tortious interference with a contract
 
 
 [2]
 The Pulaski County Democratic Committee and the Democratic Party of Arkansas were named as defendants in the state law claims
 
 
 [3]
 The appellants' claim that they are the prevailing party vis a vis the appellees in their individual capacity is without merit. The District Court dismissed with prejudice all claims against the appellees in their individual capacities, a decision not appealed by the appellants
 
 
 [4]
 Because we reverse the District Court based on its erroneous analysis of applicable law, we need not and do not decide whether the standards for imposing Federal Rule of Civil Procedure 11 sanctions are equivalent to those used to award attorney fees and costs to a prevailing defendant in a civil rights action pursuant to 42 U.S.C. § 1988 (1988). Suffice it to say that the two standards are sufficiently analogous to warrant our conclusion that under the regimes of both Rule 11 and section 1988, the District Court abused its discretion in awarding attorney fees and costs. Cf. Bass v. Southwestern Bell Tel., 817 F.2d 44, 47 (8th Cir.1987) (applying a single analytical approach to review both the denial of Rule 11 sanctions and the denial of section 1988 fees and costs to a "prevailing defendant in a civil rights suit"); O'Neal v. DeKalb County, Ga., 850 F.2d 653, 658 (11th Cir.1988) (same analysis used for review of denial of both Rule 11 sanctions and section 1988 fees and costs to a prevailing defendant)
 
 
 [5]
 Jefferson County and the present case were not decided by the same district judge